[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15335
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cr-00133-KOB-JHE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ROLANDO ARROYO BALCAZAR,
a.k.a. Francisco,
a.k.a. Choppo,
a.k.a. Roland B. Arroyo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 1, 2019)

Before WILLIAM PRYOR, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Jose Balcazar appeals his 360-month sentence imposed after he was convicted of several methamphetamine-trafficking offenses.  He argues that the district court clearly erred by applying a two-level enhancement under U.S.S.G. § 2D1.1(b)(15)(D) (2016) because the facts supporting the enhancement were not proven by a preponderance of the evidence.  Balcazar also asserts an ineffective-assistance-of-counsel claim stemming from his attorney's failure to oppose the application of the enhancement either at sentencing or in a sentencing memorandum.

**I.**

Balcazar was indicted for one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and several counts of distribution of 50 grams or more of methamphetamine, in violation of §§ 841(a)(1), 841(b)(1)(A). Following a trial, a jury convicted Balcazar on all counts.

Balcazar's presentence investigation report ("PSR") determined Balcazar's total offense level to be 42 with a criminal-history category of III.  The corresponding sentencing range was 360 months to life imprisonment.  Included within the 42 points comprising Balcazar's total offense level was a two-level enhancement under § 2D1.1(b)(15)(D) for intimidating a witness.  The PSR based this recommended enhancement on information from the case agent that Yesenia

1

Montufar[1] had attested during trial that while Balcazar was detained pending trial and they were both housed at the Jefferson County Jail, Balcazar yelled to her through the jail vents to dissuade her from testifying in his trial.

Balcazar's counsel filed objections to the PSR, including, as relevant here, to the application of the § 2D1.1(b)(15)(D) enhancement. In support of this objection, Balcazar argued that the facts necessary to justify the enhancement had not been proven. The Probation Office then filed an addendum to the PSR, which stated that the information it relied on in recommending the enhancement "was obtained from the case agent." After that, Balcazar's counsel filed a sentencing memorandum requesting a decreased sentence, but he did not address the § 2D1.1(b)(15)(D) enhancement in that filing.

Similarly, during the sentencing hearing, the district court asked Balcazar's counsel if he wished to be heard further regarding his two filed objections to the investigation report, to which counsel replied, "I do not, Your Honor. You heard the evidence at trial and I don't want to waste the Court's time." Neither Balcazar nor the government presented any additional evidence concerning the sentencing enhancement. The district court adopted the PSR's recommendation and determined

---

[1] Under oath, the witness identified her sworn name as Yesenia Montufar, though the record refers to her by both the names Yesenia Montufar and Yesenia Montufar Martinez. For the purposes of this opinion, we will refer to the witness by the name she provided under oath, Yesenia Montufar.

a total offense level of 42, with a criminal-history category of III, applied. The district court then sentenced Balcazar at the low end of the guidelines range, to 360 months in prison. Balcazar now timely appeals, asserting both that the district court erred in applying the § 2D1.1(b)(15)(D) enhancement and that his counsel was ineffective for failing to oppose the enhancement in a sentencing memorandum or at sentencing.

## II.

We begin with Balcazar's claim that the district court committed reversible error in applying the sentencing enhancement under § 2D1.1(b)(15)(D). Here, Balcazar argues that the district court erred in its factual determination that he had intimidated a witness, because there was insufficient evidence to establish that fact.

We review a district court's findings of fact for clear error. *United States v. Dimitrovski*, 782 F.3d 622, 628 (11th Cir. 2015). "A factual finding is clearly erroneous when, upon review of the evidence, we are left with a definite and firm conviction a mistake has been made." *Id.* If a defendant challenges one of the factual bases of his sentence, the government bears the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013). The preponderance-of-the-evidence standard "simply requires the trier of fact to believe that the existence of a fact is more

probable than its nonexistence." *United States v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004).

As we have noted, Balcazar asserts that the record lacked sufficient evidence to sustain the enhancement for intimidating a witness. He argues that Mantufar's trial testimony was vague and did not indicate any specific threat Balcazar made against Mantufar. And he further notes that at the sentencing hearing, the government failed to provide any new evidence to support the enhancement.

We therefore review the record for evidence the district court relied on in imposing the enhancement. The court may "consider any information, (including hearsay), regardless of its admissibility at trial, in determining whether factors exist that would enhance a defendant's sentence. . . ." *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). Nevertheless, this information must have a "sufficient indicia of reliability," and the defendant must have the chance to rebut the evidence. *Id.* (quoting *United States v. Baker*, 432 F.3d 1189, 1253 (11th Cir. 2005); *see also* U.S.S.G. § 6A1.3(a) (2016) ("[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). An "oath is an important indicia of reliability." *Trainor,* 376 F.3d at 1332 ("[An oath] is designed to ensure that the truth will be told by insuring that the

4

witness or affiant will be impressed with the solemnity and importance of [their] words.").

Here, the record contained more than enough evidence for the district court to have concluded that Balcazar intimidated a witness. In particular, at trial, Montufar testified under oath that she and Balcazar were housed at the same jail before trial, and he spoke to her through the vents. According to Montufar, Balcazar tried to persuade Montufar not to testify against him because he knew where her family was.

The district judge, of course, was present for this testimony. And the transcript of the sentencing hearing shows that she relied on it in finding the enhancement applicable ("I did hear testimony about the threats that were made to [Montufar] so as to justify that enhancement . . . ."). That was entirely permissible. First, to the extent that the district judge found Montufar credible, Montufar's testimony supported the finding that Balcazar had intimated a threat to Montufar's family if she testified against him. And second, as the factfinder for purposes of determining the applicability of the witness-intimidation sentencing enhancement, the district judge's job was to evaluate Montufar's credibility. In concluding the enhancement applied, the district judge clearly found Montufar to be credible.

Nor did Balcazar present any evidence to suggest that Montufar was not credible, despite the opportunity to do so. On this record, we find nothing that "lea[ves] [us] with a definite and firm conviction a mistake has been made."

5

## III.

Now we turn to Balcazar's claim of ineffective assistance of counsel.  We will consider a claim of ineffective assistance of counsel on direct appeal only if that claim was sufficiently developed in the district court.  *United States v. Merrill*, 513 F.3d 1293, 1308 (11th Cir. 2008).  Typically, such claims are not, so we prefer to review them on collateral attack of the conviction under 28 U.S.C. § 2255 (2008).  *Id.*  Here, though, Balcazar contends that his case does contain the necessary record of deficiency for this Court to consider his claim on direct appeal.

We disagree.  We therefore dismiss Balcazar's claim without prejudice to allow him to present it in a collateral proceeding, where the factual record can be more fully developed.  *See Merrill*, 513 F.3d at 1308.

**AFFIRMED IN PART; DISMISSED IN PART.**